## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  **CHARLENE REED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | CIV-13-881-W |
| | ) | |
| 1.  **THE STATE OF OKLAHOMA** | ) | |
| ex rel **DEPARTMENT OF HUMAN** | ) | |
| **SERVICES,** | ) | |
| 2.  **LINDA VOTH, in her individual** | ) | |
| capacity as District Director, | ) | |
| 3.  **JACE THORESON, in his individual** | ) | |
| capacity as Administrative Technician | ) | |
| IV, | ) | |
| 4.  **LATRICIA CLARK, in her individual** | ) | |
| capacity as Region 3 Foster Care Field | ) | |
| Manager, and | ) | |
| 5.  **DEBRA HAYES, in her individual** | ) | |
| capacity as Administrative | ) | |
| Assistant II, | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendants.** | ) | **Attorney Lien Claimed** |

### COMPLAINT

**COMES NOW THE PLAINTIFF**, Charlene Reed, and for her causes of action against the Defendants would herein allege and state as follows:

### PARTIES

1. The Plaintiff is Charlene Reed, an African American adult female residing in Oklahoma County, Oklahoma;

2. The Defendants are:

a) The State of Oklahoma ex rel Department of Human Services ("DHS"), an entity doing business in Oklahoma County, Oklahoma;

b) Linda Voth, in her individual capacity as District Director;

c) Jace Thoreson, in his individual capacity as Administrative Tech IV;

d) LaTricia Clark, in her individual capacity as Region 3 Foster Care Field

1

Manager; and

    e) Debra Hayes, in her individual capacity as Administrative Assistant II.

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's employment with Defendant DHS and is based on the following claims: (1) violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination and retaliation; (2) violation of Title VII of the Civil Rights Act of 1964 in the form of retaliation for opposing discriminatory practices in the workplace and filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); (3) violation of the Oklahoma Anti-Discrimination Act in the form of age discrimination; (4) violation of Plaintiff's Fourteenth Amendment constitutional right to equal protection of the laws made actionable by 42 U.S.C. § 1983; (5) violation of Plaintiff's right to free speech under the First Amendment made actionable by 42 U.S.C. § 1983; (6) disability discrimination in violation of the Rehabilitation Act; (7) violation of Oklahoma state law affording State employees leave consistent with the FMLA; and (8) breach of contract.

4. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims as they arise out of the same core of operative facts pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff has exhausted her administrative remedies as to the above-listed claims by filing timely Charges of Discrimination with the EEOC.  Plaintiff filed an EEOC Charge on or about January 16, 2013.  Her Notice of Right to Sue is dated May 20, 2013 and was received by Plaintiff thereafter.  On or about July 9, 2013, Plaintiff filed an additional Charge of Discrimination.  Plaintiff received the Notice of Right to Sue on this Charge dated July 31, 2013.  Plaintiff has timely filed this Complaint within ninety (90) days of receipt of

both Right to Sue notices.

6. On or about October 10, 2012 and on or about March 11, 2013, Plaintiff filed a complaint with the Oklahoma Office of Civil Rights Enforcement ("OCRE"). The OCRE issued a Notice of Right to Sue dated June 11, 2013, and Plaintiff received such notice thereafter. This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of such notice. On or about July 9, 2013, Plaintiff filed another complaint with the OCRE. That complaint is currently pending.

7. Plaintiff also issued a Notice of Governmental Tort Claim on or about July 9, 2013. Such notice is currently pending.

8. The Defendants are located in Oklahoma County and can be served in such county. All acts complained of occurred in Oklahoma County. Oklahoma County is located within the Western District for the United States District Courts of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

9. Plaintiff, who is a Black female, was born in 1961, making her over forty (40) years of age at all times relevant hereto.

10. Plaintiff began her employment with DHS in or around February 1979 in the Dietary Department as an Aid. In or around July 1995, Plaintiff became an Administrative Technician III. Throughout her career, Plaintiff has consistently been recognized as a satisfactory (or better) employee. In fact, Plaintiff has received numerous promotions during her thirty-four (34) years of employment with DHS.

11. Despite her good job performance during her tenure with DHS, Plaintiff has been passed over for numerous positions and promotions, including but not limited to Administrative Assistant II and Administrative Tech IV positions.

12. For instance, though her 2010 performance evaluation rated her as "exceeds expectations," Plaintiff was denied two (2) promotions to an Administrative Assistant II position, in or around July 2010 and in or around December 2010. Both promotions were awarded to White males. Area III Director Debra Clour and County Director Jeri Poplin were the decision-makers on the promotions. Clour and Poplin are both White.

13. Plaintiff began intermittently using sick leave in or around 2010 due to the emotional distress of being discriminated against in hiring decisions. Then, in or around Fall 2011, Plaintiff was informed that another White employee had been selected for an Administrative Tech IV position for which Plaintiff had applied. Due to the stress of being unlawfully repeatedly passed over for available positions, Plaintiff was placed on medical leave by her doctor for one (1) week. Plaintiff was off work on medical leave from on or about November 2, 2011 until she returned to work on or about November 9, 2011.

14. In or around February 2012, Plaintiff applied for an Administrative Technician IV position. The posting closed without a candidate being hired. The position became available two (2) additional times, and Plaintiff applied each time. Again, no candidate was selected. The position became available a fourth time, and Plaintiff applied. However, Clour and Poplin selected Jace Thoreson, a White male under the age of forty (40), for the position. Thoreson had only been employed at DHS since around late January 2011. Plaintiff was not given a reason why she was not chosen.

15. In or around April 2012, prior to Thoreson's selection, Plaintiff filed an internal grievance with DHS alleging the pre-selection of Thoreson. She also filed the same complaint with the EEOC on or about April 9, 2012, alleging race discrimination.

16. Plaintiff continued to suffer from stress and depression due to the unlawful treatment she received. In fact, Plaintiff began having difficulty getting out of bed and cried

uncontrollably. Therefore, Plaintiff saw her doctor due to this emotional distress and was diagnosed with depression and hypertension in or around May 2012. Plaintiff's doctor prescribed medication for depression and increased Plaintiff's blood pressure medication dosage due to stress. Plaintiff's doctor placed her off work from on or about May 15, 2012. Plaintiff returned to work from this medical leave on or about May 22, 2012.

17.     Due to her medical conditions, Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act in that she was disabled, had a record of a disability, and/or was perceived as disabled. Further, Plaintiff's disability substantially limits and/or limited her in one or more of her major life activities, including but not limited to sleeping, concentrating, and breathing. Further, Plaintiff's disabilities impact one or more of her internal bodily processes, including but not limited to normal circulation, blood flow and neurological function. However, at all times relevant hereto, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

18.     On or about July 28, 2012, Plaintiff was informed that the internal grievance was concluded and her non-promotion was upheld.

19.     On or about October 8, 2012, Plaintiff filed a complaint of race discrimination and retaliation with the EEOC for the denial of the promotion in or around May 2012.

20.     Plaintiff then interviewed on or about January 8, 2013 for one of nine (9) available Administrative Assistant II positions. After the interview, Plaintiff attended an EEOC mediation wherein she resolved two (2) pending EEOC charges against DHS.

21.     On or about January 16, 2013, Plaintiff was denied the Administrative Assistant II position that she interviewed for on January 8, 2013. She was given no explanation as to why she was not selected. And, two (2) other Black females were also denied the promotions. Both were over the age of forty (40) and had more seniority and

experience than the selected candidates.

22. The nine (9) employees selected for the promotion had significantly less experience and qualifications than Plaintiff. None of the selected candidates had been employed with DHS as long as Plaintiff. In fact, the selected candidates were all employed with DHS less than seven (7) years. Upon information and belief, a majority of the selected candidates are White, and all but one (1) were significantly younger than Plaintiff. In fact, one of the selected candidates was a White male who was previously promoted twice. He received his first promotion after his first year of employment and the next promotion after fourteen (14) months of employment.

23. Upon information and belief, Defendant Voth was the decision maker regarding many of the candidates selected for the Administrative Assistant II positions.

24. As a result of the denial of the promotion, on or about March 7, 2013, Plaintiff filed a complaint for race discrimination and retaliation with the OCRE.

25. DHS entered into a written agreement that Plaintiff was to be removed from Administrative Tech IV Jace Thoreson's supervision in or around January 2011. Plaintiff requested to be removed from Thoreson's supervision because Thoreson (who is White) was attempting to rate Plaintiff negatively on her performance evaluation. Plaintiff had not previously received a negative rating on a performance evaluation. DHS and Thoreson's actions were acts of discrimination and were taken in retaliation for her prior EEOC complaints. DHS had agreed to place Plaintiff under Region 3 Foster Care Field Manager LaTricia Clark's supervision. However, after receiving two (2) weeks of training and working approximately twenty (20) days in this new assignment, Plaintiff was told by Clark's secretary, Debra Hayes (who is White), in or around March 2013 that Thoreson needed assistance at the reception desk and Plaintiff was being sent back to Thoreson's department.

Plaintiff explained to Hayes that she could not go back to Thoreson's supervision due to the written agreement with DHS.  Hayes became angry with Plaintiff, raising her voice and leaning over Plaintiff's desk in an aggressive manner demanding that Plaintiff go to reception.  Due to Ms. Hayes' threatening nature and Plaintiff suffering from hypertension, Plaintiff was forced to take the remainder of the day off.

26. Within a week, on or about March 18, 2013, Plaintiff was called to a meeting with Clark and Hayes.  Clark stated that Plaintiff would no longer be working in the Foster Care Division.  Clark stated she could not "do" Plaintiff and her "high blood pressure." Clark sent Plaintiff to speak with Voth for her new assignment.

27. On or about March 20, 2013, Voth told Plaintiff via e-mail that Plaintiff needed to clean out her office because she would be working the reception desk.  Plaintiff stayed in her office until on or about March 25, 2013.  Plaintiff was off work due to her medical conditions on or about March 26 and 27, 2013.

28. On or about March 28, 2013, Plaintiff was called to a meeting with Voth to discuss her new assignment, which began the same day.  Voth stated that Plaintiff's supervisor would be Marsha Morgan, one of the individuals selected for the Administrative Assistant II position in or around January 2013.  However, Thoreson is now within Plaintiff's chain of command - in breach of the written agreement between Plaintiff and DHS.

29. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I - 42 U.S.C. § 1981

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

30. This count goes against Defendants Voth and Thoreson.

31.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race-based discrimination and retaliation.

32.     As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

33.     Because the actions of the individual Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

### COUNT II - Title VII (Race)

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

34.     This count goes against Defendant DHS only.

35.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the nature of race-based discrimination and retaliation.

36.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

### COUNT III - Title VII (Retaliation)

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

37.     This count goes against Defendant DHS only.

38.     The matters alleged above constitute a violation of Title VII of the Civil Rights Act of 1964 for retaliating against Plaintiff for opposing discriminatory practices within the workplace, i.e., the non-promotion of Plaintiff and other Black employees.

39.     As damages, Plaintiff has suffered lost earnings, past and future, emotional

distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

### COUNT IV - 42 U.S.C. § 1983 (Equal Protection)

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

40. This count goes against Defendants Voth and Thoreson.

41. The individual Defendants were acting under the color of their authority in a manner which deprived Plaintiff of her constitutional right to equal protection. Such actions are in violation of Plaintiff's Fourteenth Amendment rights which were clearly established at the time of the actions in question. Therefore, Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

42. The actions listed above have caused a physical, mental and emotional injury to the Plaintiff in an amount to be determined by the jury.

43. To the extent that the actions of any individual Defendant are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed against each such person.

### COUNT V - Age

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

44. This count goes against Defendant DHS only.

45. The matters alleged above constitute violations of the Oklahoma Anti-Discrimination Act in the form of age discrimination.

46. Plaintiff is entitled to relief under the OADA because, at all times relevant to this action, she was over the age of forty (40), was satisfactorily performing her job, she was

passed over for promotion in favor of significantly younger individuals, she was demoted and replaced by a person significantly younger than her, and she was treated less favorably that similarly situated, younger employees.

47. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the OADA, including attorneys fees and costs. Plaintiff is also entitled to liquidated damages based upon Defendants' willful conduct.

### COUNT VI - First Amendment Violation

For her sixth cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

48. The count goes against Defendants Voth, Thoreson, Clark and Hayes.

49. The individual Defendants were acting under the color of their authority in a manner which deprived Plaintiff of his constitutional right to the freedom of speech.

50. The matters alleged above were in violation of Plaintiff's First Amendment right to the freedom of speech which was clearly established at the time of the actions in question. Plaintiff's comments as stated herein constitute protected comments on matters of public concern as Plaintiff complained about the race discrimination she and other Black female candidates experienced when applying for positions within DHS. The actions of the Defendants were in deliberate indifference to the constitutional rights of Plaintiff. Therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

51. The matters alleged above represent violations of Plaintiff's rights under the First Amendment which have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

52.     Because the actions of the individual Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

### COUNT VI - Rehabilitation Act

For her sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

53.     This count goes against Defendant DHS only.

54.     The matters alleged above constitute discrimination and retaliation based on a disability, a record of and/or perceived disabilities in violation of the Rehabilitation Act.

55.     Despite said impairments, Plaintiff can perform the essential functions of her job with or without reasonable accommodations at all relevant times hereto.

56.     As a result of Plaintiff's medical conditions, Plaintiff was a qualified individual with disabilities within the meaning of federal law, in that, she is disabled, had a record of a disability, and/or was perceived as disabled.

57.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

58.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages (to the extent available).

### COUNT VIII - Violation of Right to FMLA under Oklahoma State Law

For her eighth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

59.     This count goes against all Defendants.

60.     The matters alleged above constitute violations of Plaintiff's rights to family and medical leave under Oklahoma state law, Okla. Stat. tit. 74 § 840-2.22 and OPM 530:10-

15-45.

61.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by Oklahoma state law.

### COUNT IX - Breach of Contract

For her ninth cause of action, Plaintiff incorporates all prior allegations and further alleges as follows:

62.  This Count goes against Defendant DHS.

63.  The matters alleged above constitute a breach of contractual rights. Specifically, Defendant DHS made certain agreements in a settlement agreement executed as a result of an EEOC mediation. Defendant DHS breached these agreements. As such, Plaintiff has suffered damages as a direct result of Defendant DHS's breach.

64.  As damages, Plaintiff is entitled to all consequential and incidental damages, compensatory damages, equitable relief, and attorney fees and costs.

### PRAYER

**WHEREFORE THE PLAINTIFF** prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages, punitive damages against the individual, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 16th DAY OF AUGUST, 2013.**

s/Jana B. Leonard
**JANA B. LEONARD, OBA# 17844**
**SHANNON C. HAUPT, OBA # 18922**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, OK 73139**
**(405) 239-3800      (telephone)**
**(405) 239-3801      (facsimile)**

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**
